**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-01842-NYW

MAYELA VILLEGAS-GODOY,

      Petitioner,

v.

JUAN BALTAZAR,
GEORGE VALDEZ,
TODD M. LYONS,
MARKWAYNE MULLIN, and
TODD BLANCHE,[1]

      Respondents.

_____

**ORDER**

_____

This matter is before the Court on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). [Doc. 1]. Petitioner Mayela Villegas-Godoy ("Petitioner") is a citizen of Venezuela who is currently detained at the GEO Processing Center in Aurora, Colorado. [*Id.* at ¶¶ 2, 8]. On March 7, 2026, her asylum application was granted by an immigration judge, [*id.* at ¶ 3], and the Department of Homeland Security appealed that decision, [*id.* at ¶ 4]. She argues that her continued detention violates her due process rights and seeks a Court order directing her immediate release. [*Id.* at ¶ 7; *id.* at 11].

Upon review of the Petition, it is **ORDERED** that Petitioner shall **SERVE** Respondents with a copy of the Petition and accompanying papers, along with a copy of this Order, by e-mail and by overnight mail, on or before **May 6, 2026**. Petitioner shall file

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, George Valdez and Todd Blanche are automatically substituted in as Respondents in this case.

proof of such service on the docket no later than **May 11, 2026**.  Within **seven days of service**, Respondents shall **SHOW CAUSE** why the Petition shall not be granted.  *See, e.g.*, *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)).  Any reply shall be filed no later than **seven days** after the response is filed.

In addition, the All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a).  The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction.  *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966).  Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it."  *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this

Order.  *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

Accordingly, it is **ORDERED** that:

(1)     Petitioner shall **SERVE** Respondents with a copy of the Petition on or before **May 6, 2026** and shall file proof of service on or before **May 11, 2026**;

(2)     Within **seven days** of service, Respondents shall **SHOW CAUSE** why the Petition should not be granted;

(3)     Any reply shall be filed no later than **seven days** after the response is filed; and

(4)     Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.

DATED:  May 1, 2026                    BY THE COURT:

Nina Y. Wang
United States District Judge

3