**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-01842-NYW

MAYELA VILLEGAS-GODOY,

     Petitioner,

v.

JUAN BALTAZAR,
GEORGE VALDEZ,
DAVID VENTURELLA,[1]
MARKWAYNE MULLIN, and
TODD BLANCHE,

     Respondents.

_____

### MEMORANDUM OPINION AND ORDER
_____

This matter is before the Court on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition").  [Doc. 1].  Respondents filed a consolidated response in opposition.  [Doc. 7].  Petitioner has not replied and the time to do so has elapsed.  For the reasons set forth in this Order, the Petition is respectfully **GRANTED in part**.

### BACKGROUND

Petitioner Mayela Villegas-Godoy ("Petitioner" or "Ms. Villegas-Godoy") is a citizen of Venezuela who arrived in the United States without admission or parole in November of 2024.  [Doc. 1 at ¶¶ 2, 23].  Shortly thereafter, she was placed in expedited removal proceedings.  [*Id.* at ¶ 2].  She also filed for asylum and was interviewed by an asylum

---

[1] Mr. Venturella is automatically substituted for Todd M. Lyons as a Respondent, in his official capacity, pursuant to Federal Rule of Civil Procedure 25(d).

officer, who found that she demonstrated a credible fear of returning to Venezuela. [*Id.* at ¶¶ 2, 24]. A little over a year later, on December 3, 2025, Ms. Villegas-Godoy was taken into custody by United States Immigration and Customs Enforcement ("ICE"), [*id.* at ¶ 25], and she is currently detained in this District at the GEO Processing Center in Aurora, Colorado, [*id.* at ¶ 8].

During her detention, on March 7, 2026, Ms. Villegas-Godoy's asylum application was granted. [*Id.* at ¶ 26; Doc. 1-1 at 8–19]. The Department of Homeland Security ("DHS") appealed the asylum decision, [Doc. 1 at ¶ 4], and continued detaining Ms. Villegas-Godoy, [*id.* at ¶ 47]. Ms. Villegas-Godoy has not been given a bond hearing during her seven-months-long detention. *See* [*id.* at ¶ 5].

The Government purports to detain Petitioner under 8 U.S.C. § 1225(b). *See* [Doc. 7 at 3]. Petitioner disputes the Government's interpretation of § 1225(b) and contends that she is actually detained under 8 U.S.C. § 1226(a), which would entitle her to a bond hearing. [Doc. 1 at ¶¶ 5, 27]. In the Petition, Ms. Villegas-Godoy brings two claims for relief: (1) violation of her Fifth Amendment right to due process, on the grounds that her detention has "become unreasonably prolonged" and she has had "no meaningful opportunity to secure release while the stay [of the grant of her asylum petition" remains pending," among other things, [*id.* at ¶¶ 31–49]; and (2) a claim under the Administrative Procedure Act, [*id.* at ¶¶ 50–54]. Ms. Villegas-Godoy asks this Court to, among other things, issue a writ of habeas corpus requiring Respondents to release her immediately. [*Id.* at 11]. She also asks for "attorney's fees and costs under the Equal Access to Justice Act." [*Id.*].

This matter is fully briefed and ripe for disposition.  No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Ms. Villegas-Godoy's claims primarily turn on whether Respondents may detain her pursuant to § 1225(b)(2)(A), such that she is not entitled to a bond hearing under § 1226(a).[2]  The Court summarizes the statutory framework before turning to the facts of this case.

---

[2] Part of Ms. Villegas-Godoy's claims concern "the automatic stay provision regulation, 8 C.F.R. § 1003.19(i)(2), unlawfully prolong[ing] [her] detention."  [Doc. 1 at ¶ 34].  As Respondents rightly note, however, the automatic stay provision cited in the Petition is not applicable in this case because it applies to appeals of *custody determinations* and not *asylum orders*.  *See* [Doc. 7 at 2–3]; 8 C.F.R § 1003.19(i)(2) ("[A]ny order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon DHS's filing of a notice of intent to appeal the custody redetermination . . . .").

## I.   Statutory Framework

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to

---

In the section of the Petition focused on the automatic stay provision, the Petition purports to quote from *Demore v. Kim*, 538 U.S. 510 (2003), but the referenced quotes do not exist in *Demore*. *See* [Doc. 1 at ¶ 36]. The phrase "automatic stay has a definite termination point" does not appear in *Demore*; at most, the Supreme Court states that "[u]nder § 1226(c), . . . detention ha[s] a definite termination point." *Demore*, 538 U.S. at 529. And the words "cannot last longer than 120 days" do not appear at all in *Demore*.

The Court is troubled by this. Petitioner's counsel, Mr. Jose F. Rosales III, signed the Petition consistent with Federal Rule of Civil Procedure 11. It is well-settled that misrepresenting a case's holding is a violation of Rule 11. *Coomer v. Lindell*, No. 22-cv-01129-NYW-SBP, 2026 WL 1256553, at *3 (D. Colo. May 7, 2026) (collecting cases); *see* Fed. R. Civ. P. 11(b)(2) ("By presenting to the court a pleading . . . an attorney . . . certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the . . . legal contentions are warranted by existing law . . . ."). Mr. Rosales is therefore **ORDERED** to **SHOW CAUSE** why the Petition did not violate Federal Rule of Civil Procedure 11 **no later than July 21, 2026**.

4

[noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added).[3] Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

The Tenth Circuit has explained that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Santillan Quiroz v. Mullin*, --- F. 4th ----, 2026 WL 1876709, at *7 (10th Cir. June 30, 2026). "Since § 1225(b)(2)(A) applies only to those seeking admission," the Tenth Circuit has concluded that "§ 1225(b)(2)(A)'s application is limited to the border." *Id.* at *7–8.

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

---

[3] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum." *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution"). Respondents do not argue that Ms. Villegas-Godoy is detained pursuant to § 1225(b)(1), *see* [Doc. 7], so the Court does not substantively address detention under this subsection.

## II.    Application to Petitioner's Claims

The Court's analysis begins with Petitioner's Fifth Amendment claim. Respondents argue that § 1225(b)(2)(A) applies and requires Petitioner's detention, so she is not entitled to a bond hearing.  *See* [Doc. 7].  However, the Tenth Circuit recently rejected Respondents' position.  *See Santillan Quiroz*, 2026 WL 1876709.  In *Santillan Quiroz*, the Tenth Circuit reversed the denial of a similar habeas petition filed by a noncitizen who had resided in the United States for nearly 20 years before he was detained by ICE during a traffic stop.  *Id.* at *1–2.  As with Ms. Villegas-Godoy, the Government did not provide the petitioner in *Santillan Quiroz* with a bond hearing because it claimed that § 1225 mandated his detention.  *See id.* at *2.  The district court agreed with the Government, *id.* at *1, but the Tenth Circuit reversed this determination, holding that because the petitioner was already residing in the United States and "ha[d] no present request for lawful entry pending," he was "not seeking admission" as required by § 1225, *id.* at *5–7.

The Tenth Circuit reasoned that the *Santillan Quiroz* petitioner and those similarly situated to him, i.e. "those who entered the United States without admission and who have lived here since," "are categorically unable to seek admission while they remain in the country."  *Id.* at *7.  After all, "[a] person cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered."  *Id.* Thus, the Tenth Circuit concluded that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border."  *Id.*; *see also id.* ("Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.").  Because the petitioner in *Santillan*

6

*Quiroz* had been residing in the United States for years before he was detained, he was not seeking admission and could not be detained under § 1225. *Id.*

Instead, the petitioner in *Santillan Quiroz* could be properly subject to detention under § 1226(a). *Id.* at *17 n.13; *see also id.* at *5 (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)").  In accordance with § 1226(a), the Tenth Circuit ruled that on remand, the district court must order the Government to "either provide [the petitioner] with a bond hearing or else release him." *Id.* at *17 n.13.

The Tenth Circuit's analysis and holding in *Santillan Quiroz* controls this case. Because Ms. Villegas-Godoy entered the United States in 2024 and had been residing in the United States for over a year when she was detained, the Court concludes that § 1225(b)(2)(A) does not authorize Respondents' detention of her.  Rather, Ms. Villegas-Godoy's detention is governed by § 1226(a).[4]

Further, the Court concludes that Ms. Villegas-Godoy's detention without a bond hearing violates her due process rights.[5]  At a minimum, given that she is detained under § 1226(a), "the process due to [her] is that which is afforded under [§ 1226(a)]." *Lopez-*

---

[4] Respondents acknowledge that the issue presented in this case "is not materially different" than *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025), *see* [Doc. 7 at 3], where this Court held that a noncitizen who had been residing in the United States for years before he was detained could not be subject to § 1225(b)(2)(A)'s mandatory detention provision and instead was detained under § 1226(a), *see* 2025 WL 2977650 at *6–7.

[5] Respondents do not address Ms. Villegas-Godoy's allegations of due process violations beyond those concerning the automatic stay issue, and do not dispute that noncitizens detained under § 1226(a) are entitled to an individualized custody determination.  *See* [Doc. 7].

*Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025), *aff'd*, 175 F.4th 713 (6th Cir. 2026). And as explained above, that process is an individualized bond determination. *See Santillan Quiroz*, 2026 WL 1876709 at *17 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."); *see also, e.g.*, *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) (describing the process owed under § 1226 as "an individualized bond hearing before an [immigration judge]"); *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 485 (E.D.N.Y. 2025) ("[Section] 1226(a) requires an individualized bond determination."). The Court thus concurs with the numerous other district courts that have held that denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizen's due process rights. *See, e.g.*, *Garcia Cortes*, 2025 WL 2652880, at *4; *Lopez-Campos*, 797 F. Supp. 3d at 784–85; *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1158 (D. Colo. 2026).[6]

The Court **GRANTS** the Petition as to Ms. Villegas-Godoy's Fifth Amendment due process claim. As a result of this ruling, the Court need not reach Ms. Villegas-Godoy's Administrative Procedure Act claim.

---

[6] While the Tenth Circuit in *Santillan Quiroz* applied the doctrine of constitutional avoidance and as a result did not decide whether the Government's position regarding § 1225(b) is unconstitutional, it observed that "[a]dopting the Government's interpretation of § 1225(b)(2)(A) would pose grave constitutional problems because there is little justification, let alone a strong one, for detaining every one of the millions of unadmitted noncitizens in our country." *Santillan Quiroz*, 2026 WL 1876709, at *16–17; *see also id.* at *16 ("The mandatory detention of potentially millions of noncitizens without the potential for bond raises . . . serious [constitutional] concerns.").

### III.    Appropriate Remedy

Ms. Villegas-Godoy asks the Court to order Respondents to immediately release her. [Doc. 1 at 11]. But § 1226(a) "does not require release—it provides DHS the discretion to grant an alien release on bond." *Nava Hernandez*, 2025 WL 2996643, at *8; *see also Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (instructing the district court on remand only to order the Government to provide the petitioner with a bond hearing or else release him). This Court has previously held that a bond hearing before an immigration judge is sufficient to vindicate the procedural protections afforded by § 1226(a). *See, e.g.*, *Loa Caballero*, 2025 WL 2977650, at *9; *Briales-Zuniga*, 2026 WL 35227, at *4. As in those cases, the Court finds that an immigration judge is better suited than this Court to conduct the hearing and consider whether Ms. Villegas-Godoy poses a flight risk or danger to the community.

While neither Party addresses the issue, the Court has also held that for petitioners like Ms. Villegas-Godoy—who were erroneously subjected to mandatory detention under § 1225(b)(2)—due process requires that the burden of proof at the bond hearing be borne by the Government. *See, e.g.*, *Diaz Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2025) (addressing the issue absent substantive briefing from the parties); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026) (similar); *Garcia Abanil*, 917 F. Supp. 3d at 1159 ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)); *cf. Santillan Quiroz*, 2026 WL 1876709, at *16 ("Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. If the detention

9

is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" (quoting *Zadvydas*, 533 U.S. at 690)). The Court further concurs with the decisions concluding that "the clear and convincing standard that generally applies to civil detention where liberty is at stake is appropriate here as well." *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) (quotation omitted); *see also Martinez Escobar*, 2026 WL 503313, at *5 (collecting cases).

Accordingly, Respondents are **ORDERED** to provide Petitioner a bond hearing no later than **July 13, 2026**. At this hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, she must be immediately released from detention.** On or before **July 20, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.[7]

### CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)    The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part** as set forth herein;

---

[7] Petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act. [Doc. 1 at 11]; *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025). But this District's Local Rules require that those requests be made by separate motion. *See* D.C.Colo.LCivR 54.3. A fee award is thus inappropriate at this juncture.

(2)    Respondents shall provide Petitioner a bond hearing no later than **July 13, 2026**, at which the Government will bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified.  **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**;

(3)    On or before **July 20, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required; and

(4)    On or before **July 21, 2026**, Petitioner's counsel, Mr. Jose F. Rosales III, shall **SHOW CAUSE** why the Petition did not violate Federal Rule of Civil Procedure 11.

DATED:  July 6, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

11